**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

DANIEL GOLDBERG,

      Plaintiff,

v.                                         No. CIV-05-0164 BB/WDS

STATE OF NEW MEXICO
PUBLIC DEFENDERS OFFICE,
JOHN BIGELOW, JOHN DOE EMPLOYEES,
RAYMOND ARCHAMBEAU,
ALAN WHITEHEAD,
JOINTLY AND SEVERALLY,

      Defendants.

MEMORANDUM OPINION AND
ORDER OF DISMISSAL AND REMAND

      This matter is before the Court on Plaintiff's motion to deny removal (filed twice as Doc. 6 & 14), construed herein as a motion for remand, and, *sua sponte* under 28 U.S.C. § 1915(e)(2), Fed. R. Civ. P. 12(b)(6), 28 U.S.C. § 1441(c), and 28 U.S.C. § 1367(a) & (c), to review Plaintiff's removed complaint. Plaintiff is incarcerated and appears pro se. He was granted indigent status in the state court and, in his motion to remand, requests the same status in this Court. For the reasons below, Plaintiff's motion for remand will be denied on the grounds asserted, his federal claims will be dismissed, and his state law claims will be remanded to the state court.

      In his motion to remand, Plaintiff contends that the removal was untimely. The parties agree that two Defendants were served on January 14, 2005. The notice of removal was timely filed on February 14, 2005, within the thirty-day statutory period. Furthermore, because Plaintiff asserts

claims arising under the Constitution, his other arguments for remand fail under the plain language of the removal statute. 28 U.S.C. § 1441(b). Plaintiff's motion will be denied.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). Furthermore, the Court "may remand all matters in which State law predominates." 28 U.S.C. § 1441(c). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff is incarcerated pursuant to a state court criminal proceeding. His complaint sets out eight Counts related to his prosecution -- for civil rights violations, contract violations, conspiracy (two counts), negligent hiring, temporary restraining order, damages, and fraud. Plaintiff alleges that he is innocent of the state charges and was denied effective assistance of counsel in the criminal proceeding. He further alleges that Defendants Public Defender's Office, Bigelow, and Archambeau failed to properly hire, train, and supervise legal and administrative staff. Defendant Whitehead breached contractual obligations with both the state and Plaintiff, and all Defendants conspired to deprive Plaintiff of his civil rights. Defendant Whitehead allegedly committed fraud by accepting appointment as counsel in Plaintiff's criminal case. Counts V and VI do not set out separate claims but request equitable relief and damages.

Plaintiff's allegations fail to state federal constitutional claims against the Defendants. A complaint under 42 U.S.C. § 1983 must allege facts demonstrating the two elements of the statute: that a federal right was violated and the deprivation was caused by a person acting "under color of state law." *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Houston v. Reich*, 932 F.2d 883, 890 (10th Cir. 1991). In the absence of a factual basis for either element a complaint does not state a claim under § 1983. *See, e.g., Polk County v. Dodson*, 454 U.S. 312, 316 (1981) (noting that plaintiff must allege violation was committed by person acting "under color of state law"). Case law is clear that neither a public defender nor a private attorney undertaking a defense acts under color of state law for purposes of § 1983. *See Polk County*, 454 U.S. at 325; *Harris v. Champion*, 51 F.3d 901, 909-10 (10th Cir. 1995); *Lemmons v. Law Firm of Morris and Morris*, 39 F.3d 264, 266 (10th Cir. 1994). Plaintiff's allegations against Defendants do not support claims under § 1983.

Plaintiff characterizes his Counts III and IIV [sic] as conspiracy claims. A private individual's actions in conspiring with a state official may be under color of state. *See Tower v. Glover*, 467 U.S. 914, 920 (1984). However, "when a plaintiff in a § 1983 action attempts to assert the necessary state action by implicating a state official in a conspiracy with private defendants, the pleadings must specifically present facts showing agreement and concerted action." *Hammond v. Bales*, 843 F.2d 1320, 1323 (10th Cir. 1988); *Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983). Plaintiff's complaint makes no factual allegation of "agreement and concerted action," *Hammond*, 843 F.2d at 1323, and thus he has not alleged that Defendants acted under color of state law. Plaintiff's § 1983 claims against Defendants will be dismissed for failure to state a claim.

The remainder of Plaintiff's claims are for state law violations. It is assumed for purposes of this opinion that this Court has "supplemental jurisdiction" of these claims. 28 U.S.C. § 1367(a).

3

The Court may "decline to exercise supplemental jurisdiction over a claim . . . if-- the district court has dismissed all claims over which it has original jurisdiction." § 1367(c)(3). Under § 1367(c)(3), the Court declines to exercise jurisdiction of Plaintiff's state law claims. Plaintiff's federal constitutional claims will be dismissed, and his state law claims will be remanded to the state court for adjudication. *See* 28 U.S.C. § 1441(c).

IT IS THEREFORE ORDERED that Plaintiff is GRANTED leave to proceed in forma pauperis;

IT IS FURTHER ORDERED that Plaintiff's motion to deny removal (filed twice as Doc. 6 & 14), construed herein as a motion for remand, is DENIED;

IT IS FURTHER ORDERED that Plaintiff's federal constitutional claims under 42 U.S.C. § 1983 are DISMISSED with prejudice for failure to state claims upon which relief can be granted;

IT IS FURTHER ORDERED that this case is REMANDED to the New Mexico Eleventh Judicial District Court, San Juan County, for adjudication of Plaintiff's state law claims.

_____
UNITED STATES DISTRICT JUDGE